SIEMENS-LUNGREN Co. *v.* HATCH *et al.*

*(Circuit Court, D. Massachusetts. July 24, 1891.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.

Where, on motion for a preliminary injunction to restrain infringement, it is necessary for the patentee to show that he made the invention some years before he applied for a patent, in order to meet the charge of anticipation, the finding of the examiner of interferences to the effect that the patentee did make the invention at the earlier date is not sufficient proof of the fact to warrant issuing the injunction when the evidence on which the examiner based his finding is not preserved.

In Equity.

*J. R. Bennett* and *W. B. H. Dowse,* for complainant.

*J. L. S. Roberts,* for respondents.

CARPENTER, J. This is a motion for an interlocutory injunction to restrain the respondents from infringing letters patent No. 282,337, granted July 31, 1883, to Andrew P. Lipsey, for gas-burner; and No. 299,660, granted June 3, 1884, to Andrew P. Lipsey, for gas-burner. Several questions arise on the affidavits, which I do not find it necessary to decide, because, in my view, the present motion must be disposed of on a single consideration, which is as follows: It is admitted that the patents in suit are anticipated by patents to Christian Westphal, in the German empire, May 9, 1882, and numbered 21,809; and in France, March 2, 1882, and numbered 147,691,—unless the court shall find that the invention of Lipsey was made at a certain time earlier than the date of his application for a patent. The complainant for proof of this point relies on the affidavit of Lipsey and on the finding of the examiner of interferences in an interference between the application for letters patent No. 299,660, and the application of J. Gardner Sanderson, upon which letters patent were granted to said Sanderson, January 29, 1884,—No. 292,766. The affidavit of Lipsey uses only these words: "I completed the inventions which are the subject of those patents in March, 1881, having first conceived of them as early as July, 1877." The finding of the examiner is that "upon the testimony adduced in behalf of Lipsey, it appears that he conceived of this improvement in March, 1881, and immediately made sketches illustrating the arrangement and disposition of parts in his proposed lamp." Either of the dates here given would, it appears, be sufficiently early to negative the claim of anticipation. It is undoubtedly true, as the respondent contends, that the decision of the examiner is by no means entitled to the weight which would be given to a final adjudication by a court of justice, but I am not disposed to say that it should be entirely disregarded. It is a final decision of a tribunal competent to hear and decide the question of priority of invention, and such a decision might in some cases be entitled to much weight. But not even a decision of a court would be conclusive; and still more must this decision be scrutinized in order to see whether the ground and manner of the decision are such that this court may with a good conscience take the finding as establishing the facts therein set forth. I

think the decision does not stand this test. I do not mean that the decision appears to me to be wrong,—in fact I think it altogether probable that it is right; but it does not present the facts in such a way that I can clearly see that it is right. The drawings made by Lipsey in 1881 are not presented, nor are they described, except in the most general terms; and I have no means of judging whether, as the examiner says, they "correspond in all material respects with the drawings filed with the application, and exhibit a mature conception of the invention as presented in the application, and of the other means by which it is now proposed to carry the same into practice." And while the examiner fixes the date of the making of the drawings "upon the testimony adduced," he makes no further statement as to the character and amount of the testimony. Here, then, at the very essential point in dispute, the examiner gives only his conclusion, without setting out the grounds on which it is based. Such an opinion is doubtless entirely sufficient for the purpose for which it was prepared, but it furnishes no sufficient basis for a finding such as I am asked to make. The affidavit of Lipsey, not to mention that he puts the conception of his invention several years earlier than does the examiner, is but a bare allegation that he conceived the inventions here patented at a certain time. In order that I may be satisfied that he is right, I must see the thing which he then invented, so that I may judge whether it be the thing here patented. The infringement seems to be clearly made out, and in this state of the case the complainant insists that there should be an injunction, even if there be doubt on the other issues here raised; and he cites *Manufacturing Co.* v. *Deering*, 20 Fed. Rep. 795; *Foster* v. *Crossin*, 23 Fed. Rep. 400; *Hat-Sweat Manuf'g Co.* v. *Davis Sewing-Mach. Co.*, 32 Fed. Rep. 401. I think these cases support the proposition that the case for an injunction need not necessarily be made out in any of the methods commonly used in patent cases, as by showing a judicial decision or public acquiescence. But, on the other hand, they apply and enforce the general doctrine which controls the exercise of the equitable jurisdiction in the granting an interlocutory injunction, namely, that the court must on the whole case be well satisfied that the bill can be maintained. When, as in this case, the evidence fails to satisfy the court on one essential point, the whole contention of the complainant must fail. The motion must be dismissed.