*64 OPINION.
Lansdon:
The petitioners contend that the sole function of the trust herein was to liquidate a certain parcel of real property which came into the possession of one of the beneficiaries in a manner and at a cost not clearly disclosed by the record. In support of this theory they rely on Blair v. Wilson Syndicate Trust, 39 Fed. (2d) 43; Lucas v. Extension Oil Co., 47 Fed. 65; Lansdowne Realty Trust, 50 Fed. (2d) 56; C. H. Atherton et al., Trustees, 50 Fed. (2d) 740; Mex Wolf et al., Trustees, 10 B. T. A. 835; Gonzolus Creek Oil Co., 12 B. T. A. 310; Myers, Long & Co., 14 B. T. A. 400; Terminal Properties Co., 19 B. T. A. 584; Royal Syndicate, 20 B. T. A., 255; Dauphin Deposit Trust Co., Trustee, 21 B. T. A. 1214.
A careful study of these cases indicates that the real test applied in each was not that there was a liquidation of real estate, but that there was no continuing business operation carried on for profit. This is the rule laid down in Hecht v. Malloy, 265 U. S. 144, in which it is clearly set forth that a trust transacting business for profit is liable to excise tax as a corporation. Upon this principle the courts and this Board have uniformly held that a trust operating a business for profit is an association taxable as a corporation. Little Four Oil & Gas Co. v. Lewellyn, 29 Fed. (2d) 1137; White v. Hornblower, 27 Fed. (2d) 777; E. A. Landreth Co., 11 B. T. A. 1; Alexander Trust Property, 12 B. T. A. 1226; Durfee Mineral Co., 7 B. T. A. 231; J. W. Pritchett et al., 17 B. T. A. 1064; Rochester Theater Trust Estate, 16 B. T. A. 1275; Woodrow Lee Trust, 14 B. T. A. 1420.
In the light of the opinions and decisions cited above, it remains only for us to determine whether the trust was engaged in business for profit. The petitioners contend that its operation had no other purpose than the liquidation of the real estate involved. Liquidation means realization or conversion of property for the benefit of its owners. If such a liquidation is effected through a trust, the owners of the property are the beneficiaries of the trust and certificates of beneficial interest issued to them represent their former ownership of assets that have become the corpus of the trust. Up to the date of the declaration of trust, only two, if any, of the beneficiaries herein were owners of any interest in the parcel of land. The others came into the trust by invitation or solicitation and presumably paid for their certificates of beneficial interest with cash which was used to purchase the land from its original owners or from the receivers in charge of the liquidation of their affairs. Everything in the record indicates that the beneficiaries herein entered into a voluntary association for the purpose of acquiring, subdividing, improving and selling Dominguez Harbor Tract No. 2, with the expectation of realizing a profit therefrom. Through a *65 period of ten years or more they engaged in tbe activities necessary to accomplish their purposes. This state of facts discloses a situation far different from the institution of a trust merely to conserve or liquidate property already owned by the beneficiaries.

Decision will be entered for the respondent.